UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JABARI K. GOODEN-WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN & MORGAN LAW FIRM,<br><br>Defendant. | CIVIL ACTION NO.<br><br>1:24-cv-4550-SEG-RDC |

**O R D E R**

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation ("R&R") concerning Defendant's motion to dismiss Plaintiff's second amended complaint. (Doc. 29.) The Magistrate Judge recommends that the motion to dismiss be granted and that Plaintiff's claims be dismissed with prejudice. (*Id.*) Plaintiff has filed objections to the Magistrate Judge's R&R. (Doc. 31.) After careful consideration, the Court enters the following order.

## I. Background

Plaintiff Jabari K. Gooden-Williams filed this lawsuit against Defendant Morgan & Morgan Law Firm, alleging that it violated Title VII, 42 U.S.C. § 2000e, *et seq*., and the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. §

1101, *et seq*., by (1) failing to investigate Plaintiff's allegations of "harassment" by a co-worker, and (2) terminating Plaintiff after his co-worker made a false claim of sexual harassment against him. (Doc. 3.) The Court previously dismissed Plaintiff's original complaint and granted him leave to file an amended complaint. (Doc. 23.) Following the Court's order, Plaintiff submitted an amended complaint, and shortly thereafter, a second amended complaint. (Doc. 24, 25.) Defendant has now moved to dismiss Plaintiff's second amended complaint. (Doc. 26.)

The facts alleged in Plaintiff's second amended complaint are set forth in the Magistrate Judge's R&R. (Doc. 29 at 2.) The Court has also independently reviewed Plaintiff's allegations. (Doc. 25.) For purposes of resolving the pending motion to dismiss, the Court accepts the well-pled allegations as true and construes them in the light most favorable to Plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321-22 (11th Cir. 2012).

## II. Legal Standard

### A. Review of the Magistrate Judge's R&R

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). To challenge the findings and recommendations of the Magistrate Judge, a party must file written objections

which "shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). If timely and proper objections are filed, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting a careful review of the findings and recommendations, a district judge may accept, reject, or modify the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1); *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010).

**B. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a case when the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a Rule 12(b)(6) motion, the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321-22 (11th Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," and when the "complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citing *Twombly*, 550 U.S. at 557). The complaint thus must contain more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action"—it must allege facts that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III. Discussion

Plaintiff raises six objections to the Magistrate Judge's R&R. (Doc. 31.) The Court considers each objection in turn.

### A. Objection 1: Misapplication of the Rule 12(b)(6) Standard

Plaintiff contends that the R&R "misapplies the Rule 12(b)(6) standard and improperly characterizes Plaintiff's factual allegations as 'conclusory.'" (Doc. 31 at 2.) The Court respectfully disagrees. The R&R correctly sets forth the standard for evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 29 at 3-4.) Further, the only allegation that the R&R expressly labels as "conclusory" is Plaintiff's

allegation that he "reported harassment and related concerns about coworker Rosie King to four members of management" and that his "report described conduct he reasonably believed constituted sexual harassment and a hostile work environment . . . ." (Doc. 25 ¶ 9.) In evaluating whether Plaintiff had plausibly alleged that he engaged in a statutorily protected activity with respect to his Title VII retaliation claim, the Magistrate Judge explained that this allegation, standing alone, was conclusory because it does not describe the complained-of harassment or hostile work environment in any detail. (Doc. 29 at 9.) The Court agrees with the Magistrate Judge's reasoning.

As the Court explained in its order addressing Plaintiff's original complaint, (*see* Doc. 23 at 10-12), the allegation that Plaintiff reported "sexual harassment" by a coworker to his managers, without more, "do[es] not show that Plaintiff engaged in statutorily protected activity under Title VII by complaining to Defendant that it discriminated against him because of a characteristic protected by Title VII, i.e., race, color, religion, sex, or national origin, or by complaining to Defendant that it retaliated against him because he had previously made such a complaint." *Stephens v. City of Helen*, No. 2:22-CV-00111-RWS-JCF, 2024 WL 1007651, at *14 (N.D. Ga. Feb. 2, 2024), *report and recommendation adopted*, 2024 WL 4513016 (N.D. Ga. Apr. 17, 2024); *see Quach v. Paragon Sys. Inc.*, No. 115CV00750RWSRGV, 2015 WL 13719674, at

*7 (N.D. Ga. Oct. 28, 2015) ("Complaints to an employer only constitute protected activity under Title VII if they pertain to matters protected by the statute."). To plausibly allege that he engaged in a statutorily protected activity, Plaintiff had to describe the sexual harassment or hostile work environment he purports to have experienced in sufficient detail. Because Plaintiff did not do so, the Magistrate Judge correctly found that he failed to state a claim for retaliation under Title VII. Plaintiff's objection is therefore overruled.

**B. Objection 2: Erroneous Finding that Plaintiff Did Not Engage in Protected Activity**

Plaintiff objects that the "R&R erroneously finds Plaintiff did not engage in protected activity" and that the R&R incorrectly concluded that "Plaintiff did not describe the conduct he reported." (Doc. 31 at 2.) For the reasons explained with respect to Plaintiff's first objection, the Court disagrees. Plaintiff's statements that he reported "harassment and related concerns" and "conduct he reasonably believed constituted sexual harassment and a hostile work environment[,]" without any description of the complained-of harassment or hostile work environment, do not plausibly allege that he engaged in a statutorily protected activity. (Doc. 25 ¶ 9.) To establish that he faces a "hostile work environment," a plaintiff must show that "the workplace is

permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Rojas v. Florida*, 285 F.3d 1339, 1344 (11th Cir. 2002) (quoting *Harris v. Forklift Sys., Inc.,* 510 U.S. 17 (1993)). Plaintiff has not pled any nonconclusory facts that demonstrate he had an objectively reasonable belief that he experienced a hostile work environment. *See Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1213 (11th Cir. 2008) ("A plaintiff must not only show that he *subjectively* (that is, in good faith) believed that his employer was engaged in unlawful employment practices, but also that his belief was *objectively* reasonable in light of the facts and record presented." (quotation omitted)).

Moreover, the Court is not persuaded by Plaintiff's argument that the EEOC charge attached to his second amended complaint adequately "describes the nature of" his harassment or hostile work environment complaints. (Doc. 31 at 2.) Like his second amended complaint, Plaintiff's EEOC charge merely states that he "reported harassment and other concerns [he] had of a fellow co worker Rosie King" without providing any further information about the alleged harassment he endured. (Doc. 25-1 at 2.) As such, Plaintiff's objection is overruled.

### C. Objection 3: Improper Resolution of Factual Disputes About Causation

Plaintiff argues that the "R&R improperly resolves factual disputes about causation[.]" (Doc. 31 at 2-3.) Specifically, Plaintiff objects to the R&R's finding that Rosie King's report of misconduct "breaks the causal chain between [Plaintiff's] complaint to [Human Resources Director, Brian Nason] and the allegedly retaliatory event." (Doc. 29 at 11.) Plaintiff then asserts that several allegations in his second amended complaint "support an inference of sex-based disparate treatment." (Doc. 31 at 2-3.)

Plaintiff's objection appears to confuse the R&R's reasoning as to his Title VII disparate treatment claim and the R&R's explanation addressing his Title VII retaliation claim. The portion of the R&R which explains that Ms. King's report of misconduct broke the causal chain between Plaintiff's alleged complaint of harassment and his termination addresses the causation element of Plaintiff's *retaliation* claim, not his *disparate treatment* claim. (Doc. 29 at 11.) In any event, the Court agrees with the Magistrate Judge's reasoning with respect to causation. In the Title VII retaliation context, the plaintiff must show that his protected activity was a but-for cause of the subject adverse employment action. *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 360 (2013). Even viewed in the light most favorable to

Plaintiff, the second amended complaint, as pled, suggests that Plaintiff was terminated not because of any complaint he made, but rather because Plaintiff's co-worker falsely accused him of sexual harassment. Plaintiff therefore has not sufficiently alleged that his complaint to his managers and Mr. Naley caused his termination.[1]

Accordingly, Plaintiff's objection regarding causation is overruled. The Court will address Plaintiff's arguments regarding his Title VII disparate treatment claim in the following section.

**D. Objection 4: Misapplication of the Law on Disparate Treatment**

Plaintiff contends that the "R&R misapplies the law on disparate treatment[.]" (Doc. 31 at 3.) Specifically, Plaintiff argues that he has pled several allegations that "support an inference of sex-based disparate treatment[,]" including that (1) "HR credited only female witnesses"; (2) "HR disregarded Plaintiff's account"; (3) "HR terminated Plaintiff but not the female accuser"; and (4) "HR refused to reopen the investigation after learning the accusation was false." (*Id.*)

[1] Moreover, even if Plaintiff had plausibly alleged the causation element of his Title VII retaliation claim, it would still be subject to dismissal because Plaintiff has not adequately pled that he engaged in a statutorily protected activity.

Plaintiff's objection fails to contend with the R&R's thorough reasoning explaining why the facts alleged in Plaintiff's second amended complaint do not give rise to an inference of sex-based discrimination. (*See* Doc. 29 at 5-8.) For instance, while Plaintiff asserts that Defendant credited the accounts of two female coworkers who corroborated Ms. King's complaint of misconduct, Plaintiff did not allege that there were any witnesses, male or female, who supported his version of events but were disregarded by Defendant. Indeed, that two coworkers supported Ms. King's account—but no coworkers are alleged to have supported Plaintiff's account—suggests that Defendant had a sex-neutral reason for sustaining Ms. King's complaint. As the Magistrate Judge correctly determined, without any additional supporting allegations, the mere fact that these witnesses were women does not plausibly suggest that Plaintiff was disbelieved because he was a man.

Further, to the extent Plaintiff objects that Defendant's investigation reached the wrong conclusion because Ms. King's accusation was false, this, too, does not sustain an inference of discrimination. When an employer's investigation reveals contradictory accounts of certain events, the "employer can lawfully make a choice between the conflicting versions—that is, to accept one as true and to reject one as fictitious—at least, as long as the choice is an honest choice." *E.E.O.C. v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1176 (11th

Cir. 2000). In fact, the Eleventh Circuit has "repeatedly and emphatically held" that employers may terminate an employee "for a good reason, a bad reason, *a reason based on erroneous facts*, or for no reason at all, as long as its action is not for a discriminatory reason." *Flowers v. Troup Cnty., Ga., Sch. Dist.*, 803 F.3d 1327, 1338 (11th Cir. 2015) (cleaned up) (emphasis added); *see also Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999) ("We are not in the business of adjudging whether employment decisions are prudent or fair. Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision."). Here, Defendant was entitled to believe Ms. King's version of events, which Plaintiff concedes was corroborated by two coworkers, without running afoul of Title VII. Moreover, Defendant also did not have to reconsider its decision to terminate Plaintiff in response to Plaintiff's protests that Ms. King fabricated her sexual harassment complaint.[2]

In short, Plaintiff has not plausibly alleged that Defendant's decision to terminate him was caused by discrimination based on sex or any other protected characteristic. To the contrary, Plaintiff's allegations suggest that

[2] Plaintiff has not pled any facts suggesting that Defendant's failure to later reconsider its decision to terminate him was a result of sex-based discrimination. Plaintiff has not, for example, alleged that Defendant has reconsidered decisions to terminate women employees in the past.

Defendant terminated him due to Ms. King's admittedly corroborated complaint that he sexually harassed her. As such, Plaintiff's objection regarding his Title VII disparate treatment claim is overruled.

**E. Objections 5 & 6: Denial of Leave to Amend**

In his final two objections, Plaintiff contends that the R&R incorrectly recommends that the Court deny leave to amend. (Doc. 31 at 4-5.) Plaintiff argues that he can plead additional facts to support his claims and that his proposed amendments would not be futile. (*Id.*)

The Court has previously permitted Plaintiff the chance to amend his complaint and provided guidance on the complaint's deficiencies, advising Plaintiff that failure to comply with the Court's order could result in dismissal of the case. Because Plaintiff's second amended complaint does not cure the deficiencies in the original pleading, no further leave to amend will be permitted. *See Murray v. Taylor*, No. 25-11744, 2026 WL 125831, at *3 (11th Cir. Jan. 16, 2026) ("[B]ecause the district court provided [plaintiff] notice and an opportunity to cure the deficiencies in his original complaint, and [plaintiff] failed to remedy the deficiencies, the district court did not abuse its discretion by dismissing the amended complaint with prejudice."); *Muhammad v. Bethel*, 430 F. App'x 750, 753 (11th Cir. 2011) (affirming case dismissal where the pro se plaintiff was given a chance to amend, instructions on how to cure

deficiencies, and a warning of the consequences of failure to comply with the order). Further, upon review of Plaintiff's proposed additions to the second amended complaint, the Court finds that they are either conclusory or immaterial to the conclusion that Plaintiff's second amended complaint fails to state a claim for discrimination or retaliation under Title VII. Plaintiff's objection is therefore overruled.

## IV. Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (Doc. 31), **ADOPTS** the Magistrate Judge's R&R (Doc. 29), and **GRANTS** Defendant's motion to dismiss the second amended complaint (Doc. 26.) Plaintiff's claims are **DISMISSED with prejudice**. The Court further denies Plaintiff's request to amend his complaint for a second time.

The Clerk of Court is directed to close the case.

**SO ORDERED**, this 4th day of June, 2026.

SARAH E. GERAGHTY
United States District Judge